[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 20, 2010
JOHN LEY
CLERK

No. 09-16378
Non-Argument Calendar
_____

D. C. Docket No. 07-01706-CV-CLS

CATHIE WELLER,
individually and as the personal
representative of the Estate of
James Hetherington,

Plaintiff-Appellant,

versus

UNITED STATES OF AMERICA,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

(May 20, 2010)

Before DUBINA, Chief Judge, CARNES and MARCUS, Circuit Judges.

PER CURIAM:

Appellant Cathie Weller filed this action in the district court, asserting claims under the Federal Tort Claims Act, 28 U.S.C. § 1346(b)(1) and §§ 2671-2680. Both parties moved for summary judgment. Appellee United States of America moved for summary judgment on two grounds. The first ground–that Appellant's claims were time-barred because she did not file a claim with the appropriate federal agency within two years of her decedent's death–was rejected by the district court. However, the district court granted summary judgment in favor of Appellee on its second asserted ground. Specifically, the district court found that the testimony of plaintiff's experts on the issue of causation was unreliable and, therefore, inadmissible under Federal Rule of Evidence 702 and *Daubert v. Merell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993). Without the testimony of those witnesses, there was no evidence of causation and, accordingly, the district court concluded that summary judgment in favor of the government was appropriate.

"We review a district court's decision to exclude an expert's testimony under an abuse of discretion standard." *Rink v. Cheminova, Inc.*, 400 F.3d 1286, 1291 (11th Cir. 2005) (citing *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 152 (1999)). "This standard of review requires that we defer to the district court's ruling unless it is 'manifestly erroneous.'" *Id.* (quoting *Quiet Tech. DC-8, Inc. v.*

*Hurel-Dubois UK Ltd.*, 326 F.3d 1333, 1340 (11th Cir. 2003)). "Because the task of evaluating the reliability of expert testimony is uniquely entrusted to the district court under *Daubert* . . . we give the district court 'considerable leeway' in the execution of its duty." *Id.* (quoting *Kumho Tire*, 526 U.S. at 152) (internal citations omitted).

Applying this standard to the facts of this case, we conclude that the district court did not abuse its discretion in excluding the plaintiff's proffered expert testimony. As noted by the district court, both of the plaintiff's experts, Dr. Edward Taylor and Dr. Alan Moshell, claim to have utilized what is referred to as the "differential diagnosis" methodology in reaching their opinions as to causation. However, as is required in applying that methodology, there is no indication that either expert compiled a "comprehensive list" of potential causes of the decedent's illness or explained why potential alternative causes were ruled out. Both experts admit in their respective depositions that they failed to rule out the potential role of other drugs that the decedent was taking in causing his fatal illness.

The district court found that, based on these failures, the experts failed to apply the differential diagnosis methodology reliably in their respective evaluations. The district court further found that, because of these failures, the experts' testimonies would not assist the trier of fact. For these reasons, the district

court concluded that the testimony of both experts should be excluded under Rule 702 and *Daubert*. The district court did not abuse its discretion in so concluding.

Finally, the district court was correct that, without the testimony of these two experts, the plaintiff had no evidence as to causation. Accordingly, summary judgment in favor of the government was proper.

AFFIRMED.